[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2000
THOMAS K. KAHN
CLERK

_____

No. 99-13527

_____

D. C. Docket No. 98-00178-CV-ORL-22B

DAVID W. BUTTS,

Plaintiff-Appellant,

versus

COUNTY OF VOLUSIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 14, 2000)**

Before BLACK, CARNES and KRAVITCH, Circuit Judges.

BLACK, Circuit Judge:

This case requires us to decide whether 42 U.S.C. § 1981 provides a cause of action against state actors. We conclude it does not and affirm the order of the district court.

## I. BACKGROUND

Appellant David W. Butts initially sued Appellee County of Volusia in a one-count complaint alleging racial discrimination in employment in violation of 42 U.S.C. § 1981. Appellant later filed a separate lawsuit based on Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992 (FCRA), but the district court dismissed that suit because it contained the same factual allegations as the § 1981 suit. Appellant then sought to amend his § 1981 suit to add the Title VII and FCRA claims. The district court denied the motion because Appellant filed it after the scheduling deadline.

Appellee moved for summary judgment based on the argument that § 1981 does not provide a cause of action against state actors. The district court agreed, following *Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S. Ct. 2702 (1989), which held a plaintiff must use the remedial provisions of § 1983 to enforce against state actors the rights created by § 1981. The court also adopted the analysis of other district courts in this Circuit and rejected Appellant's argument that the Civil Rights

Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, overruled the Supreme Court's interpretation of § 1981 in *Jett*. This appeal followed.

## II. DISCUSSION

We review de novo the district court's entry of summary judgment. *See AT&T Wireless PCS, Inc. v. City of Atlanta*, 210 F.3d 1322, 1324 (11th Cir. 2000). Appellant contends the district court improperly granted Appellee's motion for summary judgment on Appellant's 42 U.S.C. § 1981 claim.[1] Appellant argues the Civil Rights Act of 1991 amended § 1981 to create a cause of action against state actors and that such a cause of action may rely on a respondeat superior theory of liability otherwise prohibited by § 1983 as interpreted in *Jett* and *Monell v. Department of Social Services of New York*, 436 U.S. 694, 98 S. Ct. 2018 (1978). We conclude the amendments did not change § 1981 and § 1983 contains the sole cause of action against state actors for violations of § 1981.[2]

Prior to the Civil Rights Act of 1991, § 1981 stated:

---

[1] Appellant could have sued under § 1983 for the alleged violation of § 1981, but he chose not to do so. Accordingly, this appeal requires us to decide whether § 1981 contains a cause of action against state actors.

[2] Appellant also argues the district court abused its discretion in denying Appellant's motion to amend the complaint. We review this denial for an abuse of discretion. *See Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Appellant concedes he failed to comply with the district court's scheduling order, *see* Fed. R. Civ. P. 16, and cannot demonstrate good cause to excuse that failure. Appellant's strategic decision to file a separate lawsuit before attempting to amend caused much of the delay. Accordingly, the district court did not abuse its discretion. *See Sosa*, 133 F.3d at 1418-19.

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

In *Jett*, the Supreme Court examined the interplay between the pre-amendment § 1981 and § 1983. Justice O'Connor, writing for a plurality, articulated two guiding principles. First, § 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981. *See Jett*, 491 U.S. at 731-32, 109 S. Ct. at 2721. Second, a plaintiff who sues a municipality under § 1983 for a violation of the rights contained in § 1981 may not rely upon the doctrine of respondeat superior. *See id.* at 731-36, 109 S. Ct. at 2721-23.

The plurality considered the relationship between the Civil Rights Act of 1866 and the Civil Rights Act of 1871 (the precursors to § 1981 and § 1983) and concluded the 1866 Act did not contain a remedial provision to create a federal civil cause of action. Rather, the plurality determined Congress enacted the 1871 Act to create a civil remedy for the enforcement of the 1866 Act against state actors. Justice O'Connor explained

> That we have read § 1 of the 1866 Act to reach private action and have implied a damages remedy to effectuate the declaration of rights contained in that provision does not authorize us to do so in the context of the "state action" portion of § 1981, where Congress has established its own remedial scheme. In the context of the application of § 1981 and

4

§ 1982 to private actors, we "had little choice but to hold that aggrieved individuals could enforce this prohibition, *for there existed no other remedy to address such violations of the statute*." That is manifestly not the case here, and whatever the limits of the judicial power to imply or create remedies, it has long been the law that such power should not be exercised in the face of an express decision by Congress concerning the scope of remedies available under a particular statute.

*Id*. at 731-32, 109 S. Ct. at 2721 (citations omitted).

The plurality observed that while Congress had not explained the relationship between § 1981 and § 1983, "there is very strong evidence that the 42d Congress which enacted the precurser of § 1983 thought that it was enacting the first, and at that time the only, federal damages remedy for the violation of federal constitutional and statutory rights by state governmental actors." *Id.* at 734, 109 S. Ct. at 2722.

*Jett* therefore determined § 1981 did not contain a cause of action against state actors. If *Jett* remains good law, the district court correctly granted summary judgment. Appellant contends, however, the Civil Rights Act of 1991 legislatively overruled the interpretation of § 1981 contained in *Jett*. Although many district courts in this Circuit, including the district court in this case, have rejected Appellant's claim, we have not yet had the occasion to decide this issue.[3]

---

[3] Appellee incorrectly claims this Court has previously addressed this question. In *Johnson v. Fort Lauderdale*, 148 F.3d 1228, 1229 n.2 (11th Cir. 1998), we noted the district court had dismissed a § 1981 claim because § 1983 provided the exclusive remedy. We did not reach that issue, however; the opinion only addressed the relationship between § 1983 and Title VII. This Court decided the other two cases relied upon by Appellee based on the law prior to the Civil Rights Act of 1991. *See Pearson v. Macon-Bibb County Hosp. Auth*., 952 F.2d 1274 (11th Cir.

The Civil Rights Act of 1991 amended § 1981 by designating the existing text, quoted above, as § 1981(a) and adding two new subsections. Those new subsections provide:

> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(b), (c).

Appellant argues subsection (c) demonstrates Congress' intent to provide a cause of action against state actors. Appellant relies almost exclusively on the Ninth Circuit's opinion in *Federation of African American Contractors v. Oakland*, 96 F.3d 1204 (9th Cir. 1996). In *Federation*, the Ninth Circuit held that although § 1981(c) did not provide an explicit cause of action against state actors, it contained an implicit remedy. *See Federation*, 96 F.3d at 1210-14.

---

1992); *Busby v. Orlando*, 931 F.2d 764 (11th Cir. 1991).

We disagree with *Federation*[4] and concur with the decision of the other Court of Appeals to address this issue. *See Dennis v. County of Fairfax*, 55 F.3d 151, 156 n.1 (4th Cir. 1995) (concluding the Civil Rights Act of 1991 did not affect *Jett*). As we noted above, in *Jett*, the Supreme Court refused to find in § 1981 an implied cause of action against state actors because Congress had clearly established § 1983 as the remedial scheme against state actors. Nothing in the 1991 amendment to § 1981 evinces Congress' desire to alter the Supreme Court's conclusion in *Jett*. The express language of subsection (c) states that § 1981 protects against racial discrimination by private and state actors. Put another way, § 1981(c) makes clear that the section creates a right that private or state actors may violate but does not itself create a remedy for that violation.

The sparse legislative history of the Civil Rights Act of 1991 does not reveal a contrary intent. The Ninth Circuit recognized in *Federation* that the legislative history "does not explicitly announce an intent to create (or deny) a private right of action against a state actor." *Federation*, 96 F.3d at 1212. Instead, the *Federation*

---

[4] We note, however, the *Federation* court would also affirm the district court in this case. *Federation* concluded that while § 1981 contains a cause of action against state actors, the limitations on respondeat superior liability from *Monell* apply to § 1981 just as they apply to § 1983. *See Federation*, 96 F.3d at 1214-15. We agree such a limitation would exist if § 1981 contained a cause of action. Because Appellant did not plead a "custom or practice" as required by *Monell*, the district court properly granted summary judgment even if Appellant could sue under § 1981.

7

court and others have noted Congress added subsection (c) to codify the Supreme Court's decision in *Runyon v. McCrary*, 427 U.S. 160, 96 S. Ct. 2586 (1976), which established that § 1981 protects against private discrimination as well as discrimination by state actors. *See id.* at 1212; *Anderson v. Conboy*, 156 F.3d 167, 179 (2d Cir. 1998); *see also* H.R. Rep. No. 102-40(I), at 92 (1991), *reprinted in* 1991 U.S.C.C.A.N. 549, 630; H.R. Rep. No. 102-40(II), at 37 (1991), *reprinted in* 1991 U.S.C.C.A.N. 694, 731. Congress provided no indication that it contemplated creating a cause of action against state actors outside of § 1983, nor did it even mention the Supreme Court's opinion in *Jett*.

Accordingly, we conclude *Jett* still governs this case. The Supreme Court held the judicial power to imply a remedy "should not be exercised in the face of an express decision by Congress concerning the scope of remedies available under a particular statute." *Jett*, 491 U.S. at 732, 109 S. Ct. at 2721. Congress made that express decision in § 1983; nothing in the text or history of the Civil Rights Act of 1991 alters that decision. The district court therefore correctly concluded Appellant could not proceed with his cause of action based solely on § 1981.

## III. CONCLUSION

The district court correctly granted Appellee's motion for summary judgment. In addition, the district court did not abuse its discretion in denying Appellant's motion to amend his complaint.

AFFIRMED.